UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| JAMES DAVID BLUE THUNDER, | ) | CR76-3144-01-AWB |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION |
| vs. | ) | TO AMEND OR CORRECT |
| | ) | SENTENCE AND DENYING |
| UNITED STATES OF AMERICA, | ) | MOTION FOR RECUSAL |
| | ) | |
| Respondent. | ) | |
| | ) | |

James David Blue Thunder has filed with this Court a motion to correct an illegal sentence under former Federal Rule of Criminal Procedure 35(a), as well as a motion to appoint counsel and to hold an evidentiary hearing and a motion for recusal. Docket 29, 30, 33. For the reasons stated below, Defendant's motions are denied.

**Motion for Recusal**

Filed in this case is a letter from Blue Thunder to the Deputy Clerk of Courts, where Blue Thunder requests "reassignment" of his motion to correct an illegal sentence to a judge other than Judge Andrew W. Bogue, the trial judge on Blue Thunder's original case, or Judge Richard H. Battey, who considered several of Blue Thunder's post-conviction motions. Docket 33. Blue Thunder seeks this "reassignment" because of "an inherent conflict of interest" and threatens that he is "prepared to . . . follow it up with criminal complaints against them and I will also file complaints against then [sic] in

Washington, D.C." Id.  The Court interprets this letter to the Deputy Clerk as a motion for recusal.

This Court has previously denied a similar motion for recusal, an order which the Eighth Circuit Court of Appeals affirmed.  Docket 13 (order denying motion for recusal); Docket 26 (Eighth Circuit judgment affirming this Court's order which, among other things, denied Blue Thunder's motion for recusal).  Blue Thunder's motion for recusal at this time provides no additional facts or arguments which alter the Court's decision to deny such a request.  Blue Thunder's motion is both procedurally insufficient under 28 U.S.C. § 144 as well as completely void of legal sufficiency to warrant recusal.  See Wounded Knee Legal Defendant/Offense Comm. v. The Federal Bureau of Investigation, 507 F.2d 1281, 1285 (8th Cir. 1974) (stating that "conclusory allegations" are insufficient to justify recusal and that a court's "ruling on a question of law does not show the requisite bias"); United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993) (stating that person requesting recusal "must show that the bias is personal rather than judicial, and that it stems from an extrajudicial source").  For these reasons, Blue Thunder's motion for recusal is denied.

**Rule 35 motion**

Blue Thunder's motion for correction of an illegal sentence is also denied.  The former version of Federal Rule of Criminal Procedure 35(a) is applicable to individuals like Blue Thunder who committed offenses prior to November 1, 1987.  Rule 35(a) provides a remedy for two different types of sentences.  First, the rule provides that "[t]he court may correct an illegal sentence at any time."

Fed. R. Crim. P. 35(a). Such "illegal" sentences include those "that the judgment of conviction did not authorize" or sentences which are "not authorized by law [such as] when the sentence is in excess of a statutory provision or otherwise contrary to the applicable statute." United States v. Peltier, 312 F.3d 938, 942 (8th Cir. 2002) (citations omitted); see also United States v. Johnson, 988 F.2d 941, 943 (9th Cir. 1993). Sentences are not illegal in cases where the "punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, [or where] the terms of the sentence itself [were not] legally or constitutionally invalid in any other respect." Hill v. United States, 368 U.S. 424, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); see also Peltier, 312 F.3d at 943. Second, Rule 35 provides that a court may correct a sentence "imposed in an illegal manner" if a motion is made within 120 days of the sentence or of the resolution of an appeal. Fed. R. Crim. P. 35(a), (b) (repealed 1987).

Blue Thunder was sentenced on September 25, 1978, and he filed this 35(a) motion on November 28, 2008, over 30 years after his sentence was imposed. It is clear to this Court that Blue Thunder has missed the 120-day deadline to file a motion to correct a sentence "imposed in an illegal manner." See Peltier, 312 F.3d at 940 (stating that the 120-day requirement "has been said to be jurisdictional" and dismissing 35(a) motion filed "more than twenty-two years after the 120-day filing period had expired"). Additionally, Blue Thunder has given this Court no reason to excuse this failure to file within the 120-day window, and this Court cannot imagine what set of facts would excuse

such a tardy motion.  See id. at 941-42 (discussing courts' extensions of the deadline when equity requires).  Thus, Blue Thunder's delay in filing this Rule 35(a) precludes him from claiming that his sentence should be corrected because it was imposed in an illegal manner.

Additionally, Blue Thunder is not entitled to relief on the claim that his sentence was illegal.  As stated above, illegal sentences include those that are imposed in violation of statute or contrary to the judgment of conviction.  Blue Thunder does not claim that his sentence as given by this Court in 1978 was illegal.  Instead, Blue Thunder complains only that the United States Parole Commission violated his due process rights in improperly revoking his parole. Docket 29.  Such a claim related to the execution of Blue Thunder's sentence, and not to the legality of his original sentence, is not cognizable under Rule 35(a), and thus Blue Thunder's motion must be denied.  Peltier, 312 F.3d at 942 (denying relief when "a simple comparison of the sentences to the relevant statute" reveals that they are permissible and thus not "illegal" under 35(a)); Johnson, 988 F.2d at 943 (stating that dismissal was warranted when pleadings did not "contend his sentence is unauthorized by the judgment of conviction, exceeds the permissible statutory penalty for his crime, or violates his constitutional rights"); see also United States v. Addonizio, 442 U.S. 178, 186-90, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979) (in § 2255 action, finding that actions taken by the Parole Commission after sentencing "do not retroactively affect the validity of the final judgment itself"); United States v. Dean, 752 F.2d 535, 543-44 (11th Cir. 1985) (applying Addonizio to Rule 35 motions).

For the reasons stated above, Blue Thunder is not entitled to relief under the former Federal Rule of Criminal Procedure 35. The Court similarly denies his motion for recusal. Blue Thunder also filed a motion for appointment of counsel and for an evidentiary hearing, which this Court's order today renders moot. Therefore, no good cause appearing, it is hereby

ORDERED that Blue Thunder's motion to amend or correct an illegal sentence pursuant to Rule 35(a) (Docket #29) is DENIED.

IT IS FURTHER ORDERED that Blue Thunder's motion to appoint counsel and for an evidentiary hearing (Docket #30) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Blue Thunder's motion for recusal (Docket #33) is DENIED.

Dated April 22, 2009.

BY THE COURT:

/s/ Andrew W. Bogue
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE